In the United States District Court
Western District of Arkansas
Fort Smith Division

Stephanie Reygadas                                                              Plaintiff

v.                          Case No. 2:18-cv-02184-PKH

DNF Associates LLC                                                           Defendant

# First Amended Complaint

1. Defendant DNF Associates LLC, communicated with Plaintiff Stephanie Reygadas to collect a debt after DNF Associates LLC, knew she was represented by an attorney, and violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, *et seq.*

## Jurisdiction

2. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k(d).

3. This action arises out of Defendant DNF Associates, LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Arkansas Fair Debt Collection Practices Act ("AFDCPA"), Ark. Code Ann. § 17-24-501, *et seq.*, in its illegal efforts to collect a consumer debt from Stephanie Reygadas.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff Stephanie Reygadas resides here, and Defendant DNF Associates LLC, transacts business here.

5. Defendant DNF Associates LLC, has transacted business within Arkansas by attempting to collect this debt from Stephanie Reygadas by using the U.S. Mail, telephones, and the Arkansas courts, while she was within and permanently residing within Arkansas.

## Parties

### *Stephanie Reygadas*

6. Stephanie Reygadas is a citizen of Arkansas, residing in Crawford County, Arkansas.

7. Stephanie Reygadas is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

### *DNF Associates LLC*

8. DNF Associates LLC (DNF Assocs.), is a foreign limited liability company with an address of 2351 North Forest Road, Suite 110, Getzville, New York 14068.

### *DNF Assocs. is a debt collector*

9. DNF Assocs. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

10. The term "debt collector" has two prongs:

   a. any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

  b. any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.[1]

11. DNF Assocs. uses instrumentalities of interstate commerce of the mails in its business the principal purpose of which is the collection of debts.

12. DNF Assocs. purchases defaulted accounts of consumer debt and then attempts to collect these debts via telephone calls, collection letters, and suing consumers in its own name as plaintiff in debt collection lawsuits.

13. DNF Assocs. does not originate loans or extend credit to consumers.

14. DNF Assocs. purchases defaulted consumer debts for pennies on the dollar, so that it can derive large profits from collecting on the consumer debt it purchases.

15. After purchasing defaulted consumer debts, DNF Assocs. contracts with other debt collectors across the country, including Radius Global Solutions, LLC (Radius Global Solutions) to collect the consumer debts.

16. DNF Assocs. supplies these hired debt collectors with information about the debts and personal information about the consumers who allegedly owe the debt to aid in the debt collection.

---

[1] 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

17.   The debt collectors then contact the consumers in DNF Assocs.' name and at DNF Assocs.' direction.

18.   DNF Assocs. further participates in the debt collection process by setting parameters of the terms and amounts of payments made by the consumers towards the debt.

19.   If DNF Assocs. is not satisfied with one debt collector's efforts in the collecting the debt, it hires another debt collector to collect on the debt from consumers.

20.   Any debt collector who collects payments on the consumer debt, then sends a portion of that payment to DNF Assocs. through electronic funds transfers or the U.S. Mail.

21.   If a debt collector cannot collect on the debt from a consumer, DNF Assocs. hires lawyers and law firms, like Michael A. Jacob, II and Jacob Law Group, PLLC, who are also debt collectors to collect the debt.

22.   DNF Assocs. files debt collection lawsuits in its own name as a plaintiff, so that it can obtain judgments against consumers, become a judgment creditor in its own name, and then execute on the judgment by wage and account garnishment against consumers.

23.   DNF Assocs.' debt collection complaints are supported by Affidavits of Lawrence Schiavi.

24.   Schiavi's Affidavits are attached as exhibits to DNF Assocs.'s debt collection complaints.

25.   Schiavi is the managing partner of DNF Assocs.

26. Schiavi's Affidavits typically state the consumer sued is indebted to DNF Assocs. in a certain amount of money.

27. Schiavi has worked in the debt collection industry since 2007.

28. Schiavi is a 10% owner of DNF Assocs. and a 20% owner of Diverse Funding Associates LLC, another entity that is a debt buyer, debt collector, and collection agency.

29. Since September 7, 2016, DNF Assocs. has filed at least 57 debt collection lawsuits in Arkansas, and many more across the country.

30. Upon information and belief, almost all of DNF Assocs.' business is devoted to debt collection.

31. Upon information and belief, almost all of DNF Assocs.' resources are devoted to debt collection.

32. Upon information and belief, almost all of DNF Assocs.' revenue is derived from debt collection.

33. Upon information and belief, almost all of DNF Assocs.' expenses are related to debt collection.

34. On April 19, 2016, DNF Assocs. applied for a collection agency license with the Arkansas State Board of Collection Agencies.

35. As part of the application process, DNF Assocs. proposed David J. Maczka as its manager.

36. Maczka has over 20 years of experience in the debt collection industry.

37. Maczka verified his knowledge of the Fair Debt Collection Practices Act during the application process by attaching his results from an FDCPA compliance training course.

38. Maczka's test results show that he knew that when a consumer is represented by an attorney, a debt collector may communicate with the attorney only.

39. The Arkansas State Board of Collection Agencies granted DNF Assocs.' application for a license.

40. DNF Assocs. is a licensed "collection agency" with the Arkansas State Board of Collection Agencies.

41. The term "collection agency" has three prongs:

    a. any person, partnership, corporation, association, limited liability corporation, or firm, which engages in the collection of delinquent account, bills, or other forms of indebtedness owed or due to be owed or due to another; or

    b. any person, partnership, corporation, association, limited liability corporation, or firm which solicits claims for collection; or

    c. any person, partnership, corporation, association, limited liability corporation, or firm that purchases and attempts to collect delinquent accounts or bills.[2]

---

[2] Ark. Code Ann. § 17-24-501.

42. DNF Assocs.' license with the Arkansas State Board of Collection Agencies means it meets at least one of the three prongs of the term "collection agency."

**Factual Allegations**

43. Within one year immediately preceding filing this pleading, DNF Assocs. attempted to collect from Reygadas a financial obligation primarily for personal, family or household purposes, which is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4), namely a debt over the purchase of a camera from Purchasing Power.

44. Reygadas purchased a camera from Purchasing Power, an online retail catalog.

45. After purchasing the camera, a dispute arose between Reygadas and Purchasing Power about whether Purchasing Power actually delivered the camera to her.

46. Purchasing Power considered the Reygadas' account (the Account) in default and sold the Account to DNF Assocs.

47. DNF Assocs. retained Michael A. Jacob, II and Jacob Law Group, PLLC, to collect on the Account from Reygadas through litigation.

48. On December 6, 2016, DNF Assocs. filed a civil action against Reygadas, alleging it was the holder in due course of the Account, that the

Account was in default, and that Reygadas owed DNF Assocs. $1,003.90 in Principle and Accrued Interest, $100.39 in attorney fees, and court costs of $185.00.[3]

49. Attached to the debt collection complaint was an Affidavit of Schiavi, swearing Reygadas owed DNF Assocs. $1,003.90.[4]

50. Reygadas was served with the summons and complaint.[5]

51. Reygadas retained undersigned counsel to defend her in the civil action.

52. On January 30, 2017, Reygadas, through her attorney, moved to dismiss and served the motion to dismiss on DNF Assocs.' attorney via email through the Arkansas Judiciary's e-filing system and via U.S. Mail.[6]

53. On January 30, 2017, or soon thereafter, DNF Assocs. knew Reygadas was represented by counsel regarding the Account.

54. On January 30, 2017, or soon thereafter, DNF Assocs. knew Reygadas was represented by counsel, her counsel's name, address, facsimile and email address.

---

[3] Exhibit 1, Complaint filed in *DNF Associates LLC v. Reygadas,* 17CV-18-564, In the Circuit Court of Crawford County, Arkansas.

[4] *Id.*

[5] Exhibit 2, Affidavit of Service filed in *DNF Assocs. LLC v. Reygadas.*

[6] Exhibit 3, Motion to Dismiss for Insufficiency of Process and to Quash Service of Process and Brief in Support filed in *DNF Assocs. LLC v. Reygadas*; Exhibit 4, Notice of Electronic Filing [NEF] dated 1-30-17.

55. Alternatively, the knowledge that Reygadas was represented by counsel is imputed to DNF Assocs. because its agents – Michael A. Jacob, II and Jacob Law Group, PLLC – had actual knowledge Reygadas was represented by counsel on the day these agents were served with the motion to dismiss by email through the Arkansas Judiciary's e-filing system and by U.S. Mail a short time later.

56. DNF Assocs. never filed an opposition to the motion to dismiss.

57. On January 4, 2018, the Circuit Court of Crawford County, Arkansas, entered an order granting Reygadas' motion to dismiss.[7]

58. DNF Assocs. then retained Radius Global Solutions to collect on the Account.

59. Even though DNF Assocs. knew Reygadas was represented by counsel, DNF Assocs. either instructed Radius Global Solutions to directly communicate with Reygadas to collect on the Account, or intentionally withheld from Radius Global Solutions that Reygadas was represented by an attorney regarding the Account.

60. On July 4, 2018, Radius Global Solutions sent Reygadas a collection letter,[8] which identified the current creditor as DNF Assocs LLC, the original creditor as Purchasing Power, and the balance due as $1,003.90.

---

[7] Exhibit 5, Order filed in *DNF Assocs. LLC v. Reygadas.*

[8] Exhibit 6.

61. The collection letter offered to "settle" the Account for two payments of $200.79, the first of which was due by July 25, 2018, and the second due 30 days from the first payment.

62. Reygadas received the collection letter at her home.

63. After Circuit Court of Crawford County, Arkansas, dismissed the civil action DNF Assocs. filed against Reygadas, neither DNF Assocs., Radius Global Solutions, nor any other agent of DNF Assocs. ever contacted Reygadas' attorney regarding the Account.

64. Reygadas' attorney never consented that DNF Assocs., Radius Global Solutions, or any other agent of DNF Assocs. could ever contact Reygadas directly regarding the Account.

*Summary*

65. DNF Assocs. attempts to collect the Account from Reygadas by authorizing Radius Global Solutions to contact Reygadas directly or withholding from Radius Global Solutions information that Reygadas was represented by counsel regarding the debt, violated numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, and 1692f, amongst others, and the AFDCPA, including but not limited to Ark. Code Ann. §§ 17-24-504(a)(2), 17-24-505(a), 17-24-506(a), and 17-24-507(a), amongst others.

66. Reygadas suffered actual damages in garden variety emotional distress and paying attorney fees to have an attorney represent her

regarding the Account, only to have DNF Assocs. cause Global Radius Solutions to contact her directly to collect on the Account.

67.     DNF Assocs.' attempts to collect this debt directly from Reygadas when it knew she had retained an attorney regarding the debt affected and frustrated Reygadas' ability to intelligently respond to DNF Assocs.' collection efforts, especially considering the short deadline DNF Assocs. placed on receiving the first "settlement" payment.

68.     The communications as alleged herein by these DNF Assocs. and the employees and agents of DNF Assocs.' constitute false and deceptive communications made in violation of numerous and multiple provisions of the FDCPA and the AFDCPA including but not limited to the provisions cited, amongst others.

## Standing

69.     Reygadas has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of DNF Assocs. described, and her injury in fact is likely to be redressed by a favorable judicial decision in this Court.

70.     Reygadas' injury in fact is both particular and concrete because they suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent.

71. The FDCPA and the AFDCPA recognize a consumer's rights and redress for violations of those rights, including the right to have any communications to collect a debt and regarding a debt be directed to a consumer's attorney – especially considering she paid attorney fees for counsel to represent her regarding the debt.

## Causes of Action

### Count I – Violations of the FDCPA, 15 U.S.C. § 1692, et seq.

72. Reygadas incorporates by reference the above paragraphs as though stated.

73. The foregoing acts and omissions of DNF Assocs. and its agents constitute violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, and 1692f, amongst others, regarding Reygadas.

74. Because of DNF Assocs.' violations of the FDCPA, Reygadas has actual damages under 15 U.S.C. §1692k(a)(1); statutory damages up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), from DNF Assocs.

### Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.

75. Reygadas incorporates by reference the above paragraphs as though stated.

76. The foregoing acts and omissions of DNF Assocs. and its agents constitute numerous and multiple violations of the AFDCPA including, but

not limited to, Ark. Code Ann. §§ 17-24-504(a)(2), 17-24-505(a), 17-24-506(a), and 17-24-507(a), amongst others regarding Reygadas.

77. Because of DNF Assocs.' violations of the AFDCPA, Reygadas has actual damages under Ark. Code Ann. § 17-24-512(a)(1); statutory damages up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A); and reasonable attorney's fees and costs under Ark. Code Ann. § 17-24-512(a)(3)(A), from DNF Assocs.

## Jury Demand

78. Reygadas demands a trial by jury.[9]

## Prayer for Relief

79. Reygadas prays a judgment be entered against DNF Assocs.:

   a. for an award of actual damages under 15 U.S.C. § 1692k(a)(1), and Ark. Code Ann. § 17-24-512(a)(1), against DNF Assocs.;

   b. for an award of statutory damages of $1,000.00, under to 15 U.S.C. § 1692k(a)(2)(A), against DNF Assocs.;

   c. for an award of statutory damages of $1,000.00, under Ark. Code Ann. § 17-24-512(a)(2)(A), against DNF Assocs.;

---

[9] U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

    d.    for an award of costs of litigation and a reasonable attorneys' fees under 15 U.S.C. 1692k(a)(3), and Ark. Code Ann. § 17-24-512(a)(3)(A), against DNF Assocs.;

    e.    for such other and further relief as may be just and proper

Respectfully submitted,

By: /s/ Corey D. McGaha
Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone (501) 205-4026
Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com