UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

_____

STEPHANIE REYGADAS

                        Plaintiff,         Case No. 2:18-cv-02184-PKH

v.

DNF ASSOCIATES, LLC

                        Defendant.

_____

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

DNF Associates, LLC ("DNF"), by and through its undersigned counsel, does hereby submit the following facts are not in dispute:

1. DNF is a purchaser of debt, and contracts with and/or retains law firms and debt collection agencies to engage in the collection of the debt owned by DNF. Declaration of David Maczka ("Maczka Dec."), ¶ 3.

2. DNF does not contact consumers through any medium related to the debt it owns. Maczka Dec., ¶ 3.

3. DNF does not draft or send notices to consumers. Maczka Dec., ¶ 3.

4. DNF does not employ individuals who actively collect or attempt to collect debts. Maczka Dec., ¶ 6.

5. The debt at issue is a "debt" as defined by 15 U.S.C. § 1692a(5).

6. DNF purchased Plaintiff Stephanie Reygadas' ("Plaintiff") account from Purchasing Power (the "Account"). Maczka Dec., ¶ 7.

7. DNF retained the Jacob Law Group PLLC (the "Jacob Firm") to collect on the Account. Maczka Dec., ¶ 8.

8. The Jacob Firm filed a lawsuit in Arkansas State Court in the name of DNF against Plaintiff, seeking a judgment on the Account. Maczka Dec., ¶ 9.

9. DNF contracted with Radius Global Solutions, LLC ("RGS") to engage in collection efforts on the Account owned by DNF. Maczka Dec., ¶ 10.

10. DNF only provided Plaintiff's Account information, including Plaintiff's name, date of birth, social security number, address, telephone number, original creditor, account balance and the date the Account was opened to RGS. Maczka Dec., Ex. A.

11. DNF did not provide RGS with any information relating to the lawsuit filed by the Jacob Firm. Maczka Dec., ¶ 12.

12. RGS sent correspondence dated July 4, 2018 via United States mail to Plaintiff regarding the subject debt. Dkt. 11-6; Declaration of Greg Stevens ("Stevens Dec."), ¶ 6.

13. The letter sent by RGS identified DNF as the current creditor and Purchasing Power as the original creditor. Dkt. 11-6.

14. At the time RGS sent the communication to Plaintiff, RGS had no knowledge that Plaintiff was represented by an attorney. Stevens Dec., ¶ 7.

15. DNF never sent any correspondence to or otherwise had any direct communication with Plaintiff relating to the subject debt or for any purpose. Maczka Dec., ¶ 5.

16. All communication received by Plaintiff and/or her attorney relating to the Account was sent by the Jacob Firm and/or RGS.

17. DNF did not control or provide instruction regarding the manner in which the Jacob Firm or RGS engaged in collection efforts. Maczka Dec., ¶ 5.

Dated: March 15, 2019

                              **LIPPES MATHIAS WEXLER FRIEDMAN LLP**

                              <u>s/ Brendan H. Little</u>
                              Brendan H. Little, Esq.
                              Attorneys for DNF Associates, LLC
                              50 Fountain Plaza, Suite 1700
                              Buffalo, New York 14202
                              T: 716-853-5100
                              F: 716-853-5199
                              E: blittle@lippes.com