In the United States District Court
Western District of Arkansas
Fort Smith Division

Stephanie Reygadas                                                                   Plaintiff

v.                        Case No. 2:18-cv-02184-PKH

DNF Associates, LLC                                                               Defendant

**Plaintiff's Response to Defendant's Statement of Material Facts and Statement of Material Fact as to Which she Contends a Genuine Dispute Exists to be Tried and Additional Facts that Plaintiff Believes are Material and in Dispute**

In support of her opposition to Defendant's motion for summary judgment, plaintiff files her statement of material facts as to which he contends a genuine dispute exists, as required by Local Rule 56.1 and Fed. R. Civ. P. 56, which is incorporated by reference into her Opposition to Defendant's Motion for Summary Judgment.

*Facts in Paragraph 1 of Defendant's Statement of Material Facts Not in Dispute*

DNF Associates, LLC (DNF), is a purchaser of debt, and contracts with and/or retains law firms and debt collection agencies to engage in the collection of the debt owed by DNF.

*Response:* Reygadas agrees with the stated fact.

*Facts in Paragraph 2 of Defendant's Statement of Facts:* DNF does not contact consumers through any medium related to the debt it owns.

*Response:* Reygadas disagrees with the stated fact and cites the following and lists additional facts material and in dispute:

1

Reygadas was contacted by DNF when it sued her to collect a debt in in *DNF Associates, LLC v. Stephanie Reygadas*, Case No. 17CV-16-564, In the Circuit Court of Crawford County, Arkansas.[1]

DNF contacts consumers when it sues them to collect debts it purchases.[2]

***Facts in Paragraph 3 of Defendant's Statement of Facts:*** DNF does not draft or send notices to consumers.

*Response:* Reygadas agrees with the stated fact.

***Facts in Paragraph 4 of Defendant's Statement of Facts:*** DNF does not employ individuals who actively collect or attempt to collect debt.

*Response:* Reygadas disagrees with the stated fact and cites the following and lists additional facts material and in dispute:

Lawrence Schiavi, the Managing Partner for DNF, regularly provides Affidavits attached to DNF's debt collection complaints swearing that consumers owe DNF a total amount of money.[3]

---

[1] *See* Declaration of Corey D. McGaha (McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000039.

[2] *See* McGaha Declaration, ¶ 2, Exhibit 2, SReygadas000064; SReygadas000081; SReygadas000106; SReygadas000120; SReygadas000174; SReygadas000186; SReygadas000252; SReygadas000267; SReygadas000293; SReygadas000304; SReygadas000343; SReygadas000477; SReygadas000480; SReygadas000493; SReygadas000513; SReygadas000540; SReygadas000552; SReygadas000564; SReygadas000585; SReygadas000633-SReygadas000634; SReygadas000649; SReygadas000698-SReygadas000701; SReygadas000715-SReygadas000716; SReygadas000726-SReygadas000727; SReygadas000736-SReygadas000737; *See* McGaha Declaration, ¶ 4, Exhibit 4, SReygadas000770-SReygadas000774; SReygadas000806-SReygadas000807; SReygadas000823-SReygadas000824; SReygadas000842-SReygadas000843; SReygadas000846-SReygadas000847; SReygadas000857-SReygadas000858; SReygadas000868-SReygadas000869; SReygadas000899-SReygadas000900; SReygadas000911-SReygadas000912; SReygadas000923-SReygadas000924; SReygadas000933-SReygadas000934; SReygadas000942-SReygadas000945; SReygadas000982-SReygadas000983; SReygadas000997-SReygadas000998; SReygadas001024-SReygadas001025; SReygadas001058-SReygadas001059; SReygadas001075-SReygadas001076; SReygadas001086-SReygadas001087; SReygadas001095-SReygadas001096; SReygadas001122-SReygadas001123; SReygadas001146-SReygadas001147; SReygadas001166-SReygadas001167; SReygadas001259-SReygadas001260; SReygadas001315-SReygadas001316; SReygadas001324-SReygadas001325; SReygadas001350-SReygadas001351; SReygadas001361-SReygadas001362; SReygadas001382-SReygadas001383; SReygadas001391-SReygadas001392; and SReygadas001402-SReygadas001403.

[3] *See* McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000003; *See* McGaha Declaration, ¶ 2, Exhibit 2, SReygadas000073; SReygadas000090; SReygadas000100; SReygadas000115; SReygadas000133;

*Facts in Paragraph 5 of Defendant's Statement of Facts:* The debt at issues is a "debt" as defined by 15 U.S.C. § 1692a(5).

*Response:* Reygadas agrees with the stated fact.

*Facts in Paragraph 6 of Defendant's Statement of Facts:* DNF purchased Plaintiff Stephanie Reygadas' ("Plaintiff") account from Purchasing Power (the Account).

*Response:* Reygadas agrees with the stated fact.

*Facts in Paragraph 7 of Defendant's Statement of Facts:* DNF retained the Jacob Law Group PLLC (the "Jacob Firm") to collect on the Account.

*Response:* Reygadas agrees with the stated fact.

*Facts in Paragraph 8 of Defendant's Statement of Facts:* The Jacob Law Firm filed a lawsuit in Arkansas State Court in the name of DNF against Plaintiff, seeking a judgment on the Account.

*Response:* Reygadas agrees with the stated fact.

---

SReygadas000145; SReygadas000159; SReygadas000168; SReygadas000179; SReygadas000193; SReygadas000201; SReygadas000210; SReygadas000247; SReygadas000261; SReygadas000273; SReygadas000287; SReygadas000298; SReygadas000323; SReygadas000331; SReygadas000340; SReygadas000424; SReygadas000465; SReygadas000473; SReygadas000490; SReygadas000502; SReygadas000508; SReygadas000521; SReygadas000531; SReygadas000548; SReygadas000559; SReygadas000572; SReygadas000580; SReygadas000593; SReygadas000612; SReygadas000622; SReygadas000633; SReygadas000658; SReygadas000676; SReygadas000692; SReygadas000711; *See* McGaha Declaration, ¶ 4; Exhibit 4; SReygadas000768; SReygadas000781; SReygadas000787; SReygadas000794; SReygadas000802; SReygadas000811; SReygadas000820; SReygadas000830; SReygadas000838; SReygadas000842; SReygadas000853; SReygadas000864; SReygadas000874; SReygadas000882; SReygadas000888; SReygadas000896; SReygadas000908; SReygadas000920; SReygadas000929; SReygadas000938; SReygadas000951; SReygadas000958; SReygadas000969; SReygadas000978; SReygadas000993; SReygadas001004; SReygadas01012; SReygadas001020; SReygadas001031; SReygadas001040; SReygadas001047; SReygadas001054; SReygadas001065; SReygadas001071; SReygadas001082; SReygadas001093; SReygadas001101; SReygadas001110; SReygadas001118; SReygadas001128; SReygadas001135; SReygadas001142; SReygadas001153; SReygadas001162; SReygadas001172; SReygadas001180; SReygadas001188; SReygadas001197; SReygadas001205; SReygadas001214; SReygadas001222; SReygadas001231; SReygadas001239; SReygadas001246; SReygadas001254; SReygadas001268; SReygadas001277; SReygadas001285; SReygadas001294; SReygadas001303; SReygadas001311; SReygadas001322; SReygadas001330; SReygadas001338; SReygadas001346; SReygadas001357; SReygadas001366; SReygadas001378; SReygadas001387; SReygadas001398; SReygadas001409; SReygadas001417; and SReygadas001426.

*Facts in Paragraph 9 of Defendant's Statement of Facts:* DNF contracted with Radius Global Solutions, LLC (RGS) to engage in collection efforts on the Account owned by DNF.

*Response:* Reygadas agrees with the stated fact.

*Facts in Paragraph 10 of Defendant's Statement of Facts:* DNF only provided Plaintiff's Account information, including Plaintiff's name, date of birth, social security number, address, telephone number, original creditor, account balance and the date the Account was opened to RGS.

*Response:* Reygadas agrees with the stated fact.

*Facts in Paragraph 11 of Defendant's Statement of Facts:* DNF did not provide RGS with any information relating to the lawsuit filed by the Jacob Firm.

*Response:* Reygadas agrees with the stated fact.

*Facts in Paragraph 12 of Defendant's Statement of Facts:* RGS sent correspondence dated July 4, 2018 via United States mail to Plaintiff regarding the subject debt.

*Response:* Reygadas agrees with the stated fact.

*Facts in Paragraph 13 of Defendant's Statement of Facts:* The letter sent by RGS identified DNF as the current creditor and Purchasing Power as the original creditor.

*Response:* Reygadas agrees with the stated fact.

*Facts in Paragraph 14 of Defendant's Statement of Facts:* At the time RGS sent the communication to Plaintiff, RGS had no knowledge that Plaintiff was represented by an attorney.

*Response:* Reygadas agrees with the stated fact.

*Facts in Paragraph 15 of Defendant's Statement of Facts:* At the time RGS sent the communication to Plaintiff, RGS had no knowledge that Plaintiff was represented by an attorney.

*Response:* Reygadas agrees with the state fact.

*Facts in Paragraph 16 of Defendant's Statement of Facts:* DNF never sent any correspondence to or otherwise had any direct communication with Plaintiff relating to the subject debt or for any purpose.

*Response:* Reygadas disagrees with the stated fact and cites the following and lists additional facts material and in dispute:

DNF retained the Jacob Firm to collect on the Account.[4]

DNF filed a complaint against Reygadas to collect on the Account.[5]

Attached to the complaint was the Affidavit of Lawrence Shiavi, a Managing Partner of DNF, swearing that Reygadas owed DNF $1,003.90.[6]

Reygadas was served with the summons and debt collection complaint.[7]

The Jacob Firm was notified Reygadas was represented by counsel on January 30, 2019, by Notice of Electronic Filing of Reygadas' motion to dismiss.[8]

The Jacob Firm was notified Reygadas was represented by counsel on February 1, 2017, when the Jacob Firm received Reygadas' motion to dismiss by certified mail, return receipt requested.[9]

---

[4] Document 26, ¶ 7;

[5] McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000001-SReygadas000007.
[6] McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000003.

[7] McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000039.

[8] McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000035-SReygadas000036.

[9] McGaha Declaration, ¶ 1, Exhibit 1, SReygadas00012-SReygadas000023; SReygadas000037-SReygadas000038.

The Jacob Firm was also notified again that Reygadas by counsel on January 4, 2018, by Notice of Electronic Filing of the Order granting Reygadas' Motion to Dismiss.[10]

***Facts in Paragraph 17 of Defendant's Statement of Facts:*** All communication received by Plaintiff and/or her attorney relating to the Account was sent by the Jacob Firm and/or RGS.

***Response:*** Reygadas disagrees with the stated fact and cites the following and lists additional facts material and in dispute:

DNF retained the Jacob Firm to collect on the Account.[11]

DNF filed a complaint against Reygadas to collect on the Account.[12]

Attached to the complaint was the Affidavit of Lawrence Shiavi, a Managing Partner of DNF, swearing that Reygadas owed DNF $1,003.90.[13]

Reygadas was served with the summons and debt collection complaint.[14]

DNF contracted with RGS to engage in collection efforts on the Account owned by DNF.[15]

There is no evidence in the record RGS ever communicated with Reygadas' attorney.

---

[10] McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000056.

[11] Document 26, ¶ 7;

[12] McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000001-SReygadas000007.

[13] McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000003.

[14] McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000039.

[15] Document 26, ¶ 9.

The letter sent by RGS identified DNF as the current creditor and Purchasing Power as the original creditor.[16]

*Facts in Paragraph 17 of Defendant's Statement of Facts:* DNF did not control or provide instruction regarding the manner in which the Jacob Firm or RGS engaged in collection efforts.

*Response:*

DNF filed a complaint against Reygadas to collect on the Account.[17]

Attached to the complaint was the Affidavit of Lawrence Shiavi, a Managing Partner of DNF, swearing that Reygadas owed DNF $1,003.90.[18]

Reygadas was served with the summons and debt collection complaint.[19]

**Reygadas now lists additional facts, which are material and in dispute:**

1. DNF Assocs. files debt collection lawsuits in its own name as a plaintiff, so that it can obtain judgments against consumers, become a judgment creditor in its own name, and then execute on the judgment by wage and account garnishment against consumers.[20]

---

[16] Document 26, ¶ 13.

[17] McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000001-SReygadas000007.

[18] McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000003.

[19] McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000039.

[20] McGaha Declaration, ¶ 1, Exhibit 2, SReygadas000109-SReygadas000112; SReygadas000187-SReygadas000188; SReygadas000190-SReygadas000191; SReygadas000253-SReygadas000258; SReygadas000294-SReygadas000295; SReygadas000416-SReygadas000417; SReygadas000420-SReygadas000421; SReygadas000483-SReygadas000486; SReygadas000495-SReyagadas000496; SReygadas000498-SReygadas000499; SReyagadas000514-SReygadas000517; SReygadas000536-SReygadas000537; SReygadas000543-SReygadas000547; SReygadas000553-SReygadas000556; SReygadas000565-SReygadas000569; SReygadas000587-SReygadas000590; SReygadas000636-SReygadas640; SReygadas000651-SReygadas000655; SReygadas000702-SReygadas000704.

2.　DNF Assocs.' debt collection complaints are supported by Affidavits of Lawrence Schiavi.[21]

3.　Schiavi's Affidavits are attached as exhibits to DNF Assocs.'s debt collection complaints.[22]

4.　Schiavi is the managing partner of DNF Assocs.[23]

5.　Schiavi's Affidavits typically state the consumer sued is indebted to DNF Assocs. in a certain amount of money.[24]

6.　Since September 7, 2016, DNF Assocs. has filed at least 129 debt collection lawsuits in Arkansas.[25]

---

[21] *See* McGaha Declaration, ¶ 1, Exhibit 1, SReygadas000003; *See* McGaha Declaration, ¶ 2, Exhibit 2, SReygadas000073; SReygadas000090; SReygadas000100; SReygadas000115; SReygadas000133; SReygadas000145; SReygadas000159; SReygadas000168; SReygadas000179; SReygadas000193; SReygadas000201; SReygadas000210; SReygadas000247; SReygadas000261; SReygadas000273; SReygadas000287; SReygadas000298; SReygadas000323; SReygadas000331; SReygadas000340; SReygadas000424; SReygadas000465; SReygadas000473; SReygadas000490; SReygadas000502; SReygadas000508; SReygadas000521; SReygadas000531; SReygadas000548; SReygadas000559; SReygadas000572; SReygadas000580; SReygadas000593; SReygadas000612; SReygadas000622; SReygadas000633; SReygadas000658; SReygadas000676; SReygadas000692; SReygadas000711; *See* McGaha Declaration, ¶ 4; Exhibit 4; SReygadas000768; SReygadas000781; SReygadas000787; SReygadas000794; SReygadas000802; SReygadas000811; SReygadas000820; SReygadas000830; SReygadas000838; SReygadas000842; SReygadas000853; SReygadas000864; SReygadas000874; SReygadas000882; SReygadas000888; SReygadas000896; SReygadas000908; SReygadas000920; SReygadas000929; SReygadas000938; SReygadas000951; SReygadas000958; SReygadas000969; SReygadas000978; SReygadas000993; SReygadas001004; SReygadas01012; SReygadas001020; SReygadas001031; SReygadas001040; SReygadas001047; SReygadas001054; SReygadas001065; SReygadas001071; SReygadas001082; SReygadas001093; SReygadas001101; SReygadas001110; SReygadas001118; SReygadas001128; SReygadas001135; SReygadas001142; SReygadas001153; SReygadas001162; SReygadas001172; SReygadas001180; SReygadas001188; SReygadas001197; SReygadas001205; SReygadas001214; SReygadas001222; SReygadas001231; SReygadas001239; SReygadas001246; SReygadas001254; SReygadas001268; SReygadas001277; SReygadas001285; SReygadas001294; SReygadas001303; SReygadas001311; SReygadas001322; SReygadas001330; SReygadas001338; SReygadas001346; SReygadas001357; SReygadas001366; SReygadas001378; SReygadas001387; SReygadas001398; SReygadas001409; SReygadas001417; and SReygadas001426.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] McGaha Declaration, ¶¶ 2 and 4, Exhibits 2 and 4.

7. On April 19, 2016, DNF Assocs. applied for a collection agency license with the Arkansas State Board of Collection Agencies.[26]

8. As part of the application process, DNF Assocs. proposed David J. Maczka as its proposed manager.[27]

9. Maczka has over 20 years "in the Collection Business."[28]

10. Maczka verified his knowledge of the Fair Debt Collection Practices Act by attaching his DBA Certification, FDCPA test results, and resume, "which provide a wealth of concrete evidence of [his] vast knowledge of the FDCAP (sic.) and Compliance."[29]

11. To show that Maczka was a qualified to be a manager of a collection agency, DNF Assocs. attached Maczka's Certificate of Completion from ACA International for "COMPLETING THIS ONLINE FDCPA ESSENTIALS FOR COLLECTORS TRAINING COURSE ON February 22, 2016."[30]

12. The Final Quiz for the ACA International course contained 30 Questions regarding the FDCPA.[31]

13. Maczka answered all 30 questions correctly.[32]

14. One of the questions and answer on the quiz was:

---

[26] *See* McGaha Declaration, ¶ 3, Exhibit 3, SReygadas000751-753.

[27] *Id.*

[28] *Id.*

[29] McGaha Declaration, ¶ 3, Exhibit 3, SReygadas000754-759.

[30] *Id.*

[31] *Id.*

[32] *Id.*

9

Question 21

When a consumer is represented by an attorney,

Your answer (correct): A debt collector may communicate with the attorney only.[33]

15. The Arkansas State Board of Collection Agencies granted DNF Assocs.' application and it is a licensed "collection agency" with the Arkansas State Board of Collection Agencies.[34]

                                  Respectfully submitted,

                                  Corey D. McGaha
                                  Ark. Bar No. 2003047
                                  William T. Crowder
                                  Ark. Bar No. 2003138
                                  CROWDER MCGAHA, LLP
                                  5507 Ranch Drive, Suite 202
                                  Little Rock, AR 72223
                                  Phone: (501) 205-4026
                                  Fax: (501) 367-8208
                                  cmcgaha@crowdermcgaha.com
                                  wcrowder@crowdermcgaha.com

---

[33] McGaha Declaration, ¶ 3, Exhibit 3, SReygadas000754-759.

[34]