UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STEPHANIE REYGADAS                                PLAINTIFF

v.                      No. 2:18-CV-02184

DNF ASSOCIATES LLC                              DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant DNF Associates LLC ("DNF")'s motion (Doc. 25) for summary judgment, brief (Doc. 27) in support, and statement of facts (Doc. 26). Plaintiff Stephanie Reygadas filed a response (Doc. 28) in opposition, and a statement of facts (Doc. 29). DNF then filed a reply (Doc. 30). The parties filed additional unsolicited briefing (Docs. 31-34), which the Court has not considered.

In her amended complaint, Plaintiff alleges that DNF violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, et seq. ("AFDCPA"). DNF argues in its motion that summary judgment is appropriate because it does not meet the statutory definition of "debt collector" as required by the FDCPA and the AFDCPA for the statutory requirements to apply. (Doc. 27, p. 1). DNF alternatively argues that it cannot be vicariously liable for the actions of Radius Global Solutions ("RGS") because RGS did not violate the FDCPA or AFDCPA. For the reasons stated below, DNF's motion for summary judgment will be DENIED and partial summary judgment will be entered in favor of Plaintiff.

**I. Background**

Plaintiff Stephanie Reygadas purchased a camera from Purchasing Power, an online retail catalog. (Doc. 11, p. 7, ¶ 44). A dispute arose between Reygadas and Purchasing Power regarding

1

the camera and Reygadas refused to pay the outstanding debt. (Doc. 11, p. 7). Purchasing Power considered Reygadas's account in default and sold the account to DNF Associates LLC, a debt purchaser. (Doc. 29, p. 1). DNF then hired the Jacob Law Group, PLLC to collect on the account. (Doc. 29, p. 3). On December 6, 2016, the Jacob Law Group filed a lawsuit in the Circuit Court of Crawford County against Reygadas for her outstanding debt in the name of DNF, seeking judgment on the account. (Doc. 29-2, p. 2). On January 30, 2017, Reygadas's attorney Corey McGaha served the Jacob Law Firm with a Motion to Dismiss for Insufficient Process. (Doc. 29-2, p. 9). McGaha also electronically filed the motion with the court on that date, generating a notice of electronic filing. (Doc. 29-2, p. 32). On January 4, 2018, Crawford County Circuit Court dismissed DNF's action against Reygadas for insufficiency of process. (Doc. 29-2, p. 50). DNF then contracted with RGS to collect on Reygadas's account. (Doc. 29, p. 4). DNF provided RGS with Reygadas' personal information, original creditor, and account balance. *Id.* However, DNF did not notify RGS of the lawsuit filed against Reygadas in state court, nor did it share with RGS that Reygadas was represented by an attorney. *Id.* On July 4, 2018, RGS sent a letter via U.S. mail to Reygadas regarding the debt at issue in this case. *Id.* Reygadas had never consented to being contacted directly by a debt collector.

## II.     Summary Judgment Standard

When a party moves for summary judgment, it must establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). In order for there to be a genuine issue of material fact, the nonmoving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking,*

*Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Only facts "that might affect the outcome of the suit under the governing law" need be considered. *Anderson*, 477 U.S. at 248. "[T]he non-movant must make a sufficient showing on every essential element of its claim on which it bears the burden of proof." *P.H. v. Sch. Dist. of Kan. City, Mo.*, 265 F.3d 653, 658 (8th Cir. 2001) (quotation omitted). Facts asserted by the nonmoving party "must be properly supported by the record," in which case those "facts and the inferences to be drawn from them [are viewed] in the light most favorable to the nonmoving party." *Id*. at 656–57. A court may "enter summary judgment *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Madewell v. Downs*, 68 F.3d 1030, 1049 (8th Cir. 1995).[1]

## III. Analysis

DNF argues in its motion for summary judgment that Reygadas's case should be dismissed for two reasons. DNF asserts that under the FDCPA and the AFDCPA, it cannot be held liable for a violation because it is not a "debt collector" as required by the statutes for their requirements to apply. Alternatively, DNF contends that even if it is considered a "debt collector" under the statutes, there was no violation of the statutes because RGS did not have "actual knowledge" that Reygadas was represented by counsel when RGS sent a letter on DNF's behalf, attempting to collect the outstanding debt. If RGS did not violate the statutes, DNF cannot be vicariously liable for a violation. Each of DNF's arguments will be addressed in turn.

---

[1] Partial summary judgment in favor of Reygadas is proper because DNF as the movant of the instant summary judgment motion was required to demonstrate that there was no genuine issue of material fact regarding its designation as a "debt collector" under the FDCPA and whether it had actual knowledge about Reygadas's representation.

3

The purpose of the Fair Debt Collection Practices Act is to "eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692. The FDCPA provides a private right of action against "debt collector[s]" who violate the FDCPA. 15 U.S.C. § 1692(k). The FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692(a)(6). The Arkansas Fair Debt Collection Act similarly defines a debt collector as:

> [A] person who uses an instrumentality of interstate commerce or the mails in a business whose principal purpose is the collection of debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

Ark. Code Ann. § 17-24-502(5)(A). The AFDCPA definition is "materially identical to the federal FDCPA definition of 'debt collector.'" *Silberstein v. Fed. Nat'l Mortg. Ass'n*, No. 5:16-CV-05331, 2017 WL 187165, at * 2 (W.D. Ark. Jan. 17, 2017). Thus, the analysis of whether DNF is a debt collector under the FDCPA and the AFDCPA are the same. The statutes identify two types of entities that may be classified as a "debt collector:" 1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or 2) "any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Henson v. Santander Consumer USA Inc.*, -- U.S. --, 137 S.Ct. 1718, 1721 (2017). Reygadas does not argue that DNF qualifies as a debt collector under the second definition. Rather, Reygadas argues that DNF qualifies because its principal business purpose is the collection of debts. DNF argues that it is only a passive debt purchaser and does not engage in collection activity. DNF asserts that the FDCPA requires the

debt buyer to engage in the act of collecting debts for the principal purpose of its business to be the collection of any debts.

However, the statute's plain meaning reveals that there is no such requirement. *Barbato v. Greystone Alliance*, LLC, 916 F.3d 260, 267 (3rd Cir. 2019). The "principal purpose" definition only requires that the person has a business in which the "principal purpose" "is the collection of debts." The word "principal" is defined as "most important, consequential, or influential." *Principal*, Merriam-Webster's Dictionary (Online 2019). "Purpose" is defined as "something set up as an object or end to be attained." *Purpose*, Merriam-Webster's Dictionary (Online 2019). As a result, the plain meaning of the statutory definition classifies a business as a "debt collector" if the business's primary objective is to ensure that debts it is owed are collected. The language does not include a requirement that the business is the entity that must do the collection. The first statutory definition of "debt collector" focuses on what is being collected – the acquired debts. It is the second definition that requires active collection. *Barbato*, 916 F.3d at 267. DNF's preferred reading of the first definition – that in order for a business's principal purpose to be collection of debt requires the debt buyer to engage in the act of collecting debt – would effectively render the second definition as surplusage.

DNF argues that its principal purpose is debt purchasing. However, if debt purchasing was its principal purpose, it would not have a profitable business. DNF's primary objective is to collect on debt accounts it purchased in order to turn a profit.[2] DNF spends a great deal of time arguing that the legislative history does not reflect Congress's intent to include debt buyers in the definition of debt collector, however, "reliance on legislative history is unnecessary in light of the statute's

---

[2] This seems to be particularly clear based on the numerous civil complaints DNF has filed in Arkansas attempting to obtain a judgment against individuals with outstanding debt accounts that the LLC purchased. (Doc. 29-3, pp. 2-188).

unambiguous language." *Mohamad v. Palestinian Authority*, 566 U.S. 449, 458 (2012); *Barbato*, 916 F.3d at 269. The Court finds that there is no genuine issue of material fact, that DNF is a "debt collector" under the FDCPA and the AFDCPA, and that partial summary judgment in favor of Reygadas is appropriate on this issue.

DNF also argues that it is entitled to summary judgment because RGS, its contracted debt collector, did not have "actual knowledge" that Reygadas had retained an attorney before RGS contacted Reygadas directly. Section 1692(c) of the FDCPA prevents debt collectors from communicating with a consumer in connection with the collection of any debt

> if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.[3]

DNF argues that this provision of the FDCPA and AFDCPA requires that RGS had actual knowledge, citing *Schmitt v. FMA Alliance*, 398 F.3d 995 (8th Cir. 2005). However, *Schmitt v. FMA Alliance* presents a case factually distinct from this one. In that case, Schmitt incurred a debt directly with First Bank U.S.A. As a result, First Bank was the creditor and did not meet the FDCPA's definition of "debt collector." Schmitt's attorney notified the bank that he was represented by counsel and recommended that the bank notify its debt collection agency that he was represented. First Bank U.S.A. then transferred Schmitt's account to FMA Alliance, a debt collector. First Bank did not notify FMA that Schmitt was represented by counsel and FMA sent a letter directly to Schmitt seeking payment. Under this factual scenario, the Eighth Circuit held that FMA, the debt collector, had to have actual knowledge that Schmitt was represented by

---

[3] The AFDCPA uses identical language in its communication with a consumer represented by an attorney provision. Ark. Code Ann. § 17-24-504.

counsel to be held liable under the FDCPA. Furthermore, the Eighth Circuit held that First Bank U.S.A.'s knowledge could not be imputed to FMA to hold FMA liable for such a violation.

Different than *Schmitt*, RGS, the party without actual knowledge of the representation, is not the party being sued for a violation of the FDCPA. Rather, DNF, as a debt collector, is the party alleged to have violated the statutes because of its knowledge of Reygadas's representation. DNF argues that the question at issue is whether RGS had "actual knowledge" that Reygadas was represented by counsel. However, on this point, DNF is wrong. It is DNF's knowledge as the principal debt collector that is critical to the inquiry. DNF was subject to all of the statutes' restrictions. As the principal, DNF chose to delegate its collection of Reygadas's debt to an agent – RGS. Agency law makes a principal liable for the acts of its agent if those acts are within the scope of the agency. *Jones v. Filler, Inc.*, 43 F.Supp.2d 1052, 1056 (W. D. Ark. 1999). Because DNF had actual knowledge that Reygadas was represented by counsel as a result of the state court action it maintained against Reygadas, DNF was liable when RGS contacted Reygadas directly to fulfill the objective of the agency relationship. DNF cannot now argue as a matter of law that it cannot be held liable for RGS's actions because it chose not to share with RGS that Reygadas was represented by counsel. If DNF, as a debt collector, wanted to avoid principal liability for the actions of RGS, it should have notified RGS that Reygadas was represented by counsel and could only be communicated with through her attorney. Because there are no genuine issues of material fact in dispute regarding whether DNF had actual knowledge that Reygadas was represented by counsel, partial summary judgment in favor of Reygadas is appropriate.

IT IS THEREFORE ORDERED that Defendant DNF Associates LLC's motion (Doc. 25) is DENIED and partial summary judgment is entered in favor of Plaintiff Stephanie Reygadas on

the question of liability.  The only remaining issue for trial is the amount of damages Reygadas is entitled under the FDCPA and the AFDCPA.

IT IS SO ORDERED on this 16th day of May, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE